CHRISTINE BRADLEY,[1] Petitioner Below, Appellant,
v.
DIVISION OF FAMILY SERVICES, Respondent Below, Appellee.
No. 320, 2009.
Supreme Court of Delaware.
Submitted September 2, 2009.
Decided October 15, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY duPONT RIDGELY, Justice.
This 15th day of October 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellee, Division of Family Services ("the Division"), is required by statute to maintain a "Child Protection Registry."[2] "The primary purpose of the Child Protection Registry is to protect children and to ensure the safety of children in child care, health care and public education facilities."[3]
(2) The appellant, Christine Bradley, is a former child care provider. In March 2007, after a contested hearing before a Family Court Commissioner, Bradley was "substantiated for neglect"[4] for failing to protect children in her care from "a known physical threat," her son.[5] As a result, Bradley's name was entered on the Child Protection Registry at Child Protection Level III.[6]
(3) A person who is substantiated for abuse or neglect at Level III must be reported on the Registry for a period of seven years.[7] For that period of time, the person is ineligible for employment in a child care facility, health care facility or public school.[8] After seven years, if the person is not substantiated for a different incidence of abuse or neglect while on the Registry, the person's name is automatically removed from the Registry.[9]
(4) A person who has been entered on the Registry at Level III may file a petition for removal from the Registry prior to the expiration of the time designated for the level once the person "has successfully completed a Division-recommended or Family Court-ordered case plan."[10] Only a person who has successfully completed a case plan, however, is eligible to petition for early removal.[11]
(5) In 2007 and 2008, Bradley filed several unsuccessful petitions seeking the early removal of her name from the Registry. Bradley filed another such petition on March 23, 2009. By order dated May 12, 2009, the Family Court denied Bradley's petition on the basis that she had not completed a Division-recommended case plan as required by statute.[12] The Court also enjoined Bradley from filing a future petition seeking early removal "until such time as she has taken the initiative to contact the Division of Family Services to enter into a case plan, and she can certify in her pleading that she has successfully completed the Division-recommended plan."[13] This appeal followed.
(6) On appeal, Bradley contends as she did in the Family Court, that she has not completed a case plan because the Family Court did not order a plan, and the Division did not recommend one. According to Bradley, her name should be removed from the Registry because she and her son are innocent of any wrongdoing, and the listing of her name on the Registry has jeopardized her health and welfare.
(7) After carefully considering the parties' positions on appeal, the Court concludes that the Family Court's judgment should be affirmed. The Court can discern no error or abuse of discretion on the part of the Family Court when denying Bradley's petition for early removal from the Registry. By statute, consideration of a petition for early removal is contingent upon the petitioner's successful completion of a case plan. In Bradley's case, it was well within the discretion of the Family Court to rule that it is incumbent upon Bradley, who has not completed a case plan, to request a plan from the Division and to complete the plan before filing a future petition seeking early removal from the Registry.
NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is GRANTED. The judgment of the Family Court is AFFIRMED.
NOTES
[1] The caption reflects a pseudonym previously assigned by the Court. Del. Supr. Ct. R. 7(d).
[2] See generally Del. Code Ann. tit. 16, ch. 9, subch. II (2003) (Child Protection Registry).
[3] Del. Code Ann. tit. 16, § 921.
[4] Del. Code Ann. tit. 16, §§ 922-927.
[5] It appears that Bradley's son was charged with multiple counts of having abused several of the children in Bradley's day care in 2006.
[6] Del. Code Ann. tit. 16, § 923(3).
[7] Id.
[8] Id.
[9] Id.; Del. Code Ann. tit. 16, § 929(a).
[10] Del. Code Ann. tit. 16, § 929(b).
[11] Id.
[12] C.L.B. v. Div. of Family Serv., 2009 WL 2424603 (Del. Fam. Ct.).
[13] Id.